SCARINCI HOLLENBECK, LLC
Attorneys At Law
1100 Valley Brook Avenue
Lyndhurst, New Jersey 07071
Telephone:  (201) 896-4100
Attorneys for Petitioner
TAM – Linhas Aéreas S.A.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE APPLICATION OF<br>TAM – LINHAS AÉREAS S.A.,<br><br>Petitioner | CIVIL ACTION NO.:<br><br>**VERIFIED PETITION TO PERPETUATE TESTIMONY PURSUANT TO *FED. R. CIV. P.* 27 AND FOR ASSISTANCE TO LITIGANTS BEFORE FOREIGN TRIBUNALS PURSUANT TO 28 *U.S.C.* 1782** |

Petitioner TAM – Linhas Aéreas S/A ("TAM Airlines" or "Petitioner"),

through its undersigned counsel, files this Verified Petition to perpetuate testimony

pursuant to *Fed. R. Civ. P.* 27 and/or for assistance to litigants before foreign

tribunals pursuant to 28 *U.S.C.* 1782 ("Verified Petition").  Specifically, Petitioner

seeks a court order compelling deposition by oral examination or written questions

to perpetuate the testimony of Respondents Automattic, Inc. and/or

1

WordPress.com ("Automattic" and "WordPress" are collectively referred to as "Respondents") for use in an existing lawsuit filed in Brazil against Automattic, captioned as *TAM – Linhas Aéreas S/A. v. Automattic Inc.*, 5th Civil Section of the Regional Court of Jabaquara, at the State of São Paulo, Brazil, docket number: 0011352-29-2012.8.26.0003 ("Brazilian lawsuit")[1] ***Exhibit A,*** and an anticipated lawsuit to be filed in Brazil against certain of Respondents' anonymous user(s) once they are identified and for assistance to Petitioner in furtherance of its Brazilian lawsuit. In support of its Verified Petition, Petitioner respectfully states the following:

## **INTRODUCTION AND RELIEF REQUESTED**

1.      The purpose of this proceeding pursuant to *Fed. R. Civ. P.* 27 and 28 *U.S.C.* 1782 is to perpetuate testimony from Respondent Automattic which is the owner/operator of the Internet website commonly known as WordPress.com.

2.      The testimony that Petitioner seeks is limited and intended to reveal the identity of one or more of Respondents' users or subscribers – JOHN DOES NOS. 1-10 ("John Does" or "Does" or "Subscribers"). Petitioner intends to use this information in connection with an anticipated Brazilian civil action to be filed against the Does for damages and/or injunctive relief to remedy Does' defamatory,

---

[1]  A certified translation of the lawsuit, TAM – Linhas Aéreas S/A. v. Automattic Inc., 5th Civil Section of the Regional Court of Jabaquara, at the State of São Paulo, Brazil docket number: 0011352-29-2012.8.26.0003 is attached hereto as ***Exhibit A.***

false, and dangerous content published in violation of applicable Brazilian laws
(including the Brazilian Federal Constitution, section 5, subsections IV, V, X and
XXIX, and statutes and regulations such as Federal Civil Code, section 17, 20 and
52; Federal Law 9.279/96), and the Terms of Service agreement between Does and
Respondents as pertaining to subscriptions to WordPress' online service offerings.
Specifically, the Brazilian Federal Constitution, in its section 5, subsection IV,
guarantees the right to free speech, but does not allow for anonymous speech and
therefore, to enjoy free speech protections, publishers must identify themselves,
which Jane/John Doe have clearly not done to their advantage and to the detriment
of TAM Airlines and its employees and passengers.

3.      Further, Respondents are not the "expected adverse party" in the
aforementioned potential future civil action, as referenced in *Fed. R. Civ. P.*
27(a)(2), to be filed by Petitioner.  Rather, the fictitious John Does would be the
target of such a lawsuit when their identity is revealed by way of this Petition.

4.      Good cause therefore exists to allow this Petition to proceed because
Does have violated Petitioner's rights and caused it damage, Does have agreed to
subject themselves to having their identities disclosed under these circumstances,
and Does are fictitious parties who do not require notice as per their consent to
Automattic's Privacy Policy agreement which does not require that notice be given
under the circumstances of this Petition.  ***Exhibit B***.

5.     Moreover, any delay in this proceeding may result in the highly relevant data and information sought herein being lost, altered, disseminated, deleted, destroyed, or otherwise compromised by Respondents in accordance with their data destruction policies.

6.     A *Rule* 27 Petition is the proper procedure for pursuing the *specialized and limited* relief sought herein – namely, the identity (including the name, address(es), contact information, email address(es), IP address(es) and/or any other identifying characteristics) of the Automattic and WordPress user(s)/subscriber(s) (*i.e.*, Does) who published statements on WordPress that incited violent acts and placed Petitioner's employees and airline passengers' safety at risk – because it is unknown for how long Automattic and WordPress would retain such information thereby making the testimony emergent under the circumstances.  Moreover, TAM Airlines has no available recourse for identifying the person or persons that made the blog remarks without obtaining the IP address from WordPress.com.[2]

---

[2] In *General Board of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.*, the court granted a petition to perpetuate testimony from respondent Cablevision to ascertain identifying information of an unknown individual who had gained access to the email accounts of seven of the petitioner's employees. 2006 WL 3479332 (E.D.N.Y. Nov. 30, 2006).  Cablevision was the Internet Service Provider for the IP address in question, but would not disclose any identifying information without a court order. *Id.*  The court granted the petition, finding that the petitioner demonstrated all of the factors required by *Fed. R. Civ. P.* 27(a)(1), with the exception of the names of the adverse parties, which was the intended goal of the Rule 27 petition. *Id.*

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this case under 28 *U.S.C.* §§ 1331, 1332 and 1338 because the matter is likely involve both diverse parties and federal questions arising under the U.S. Lanham Act, 15 *U.S.C.* § 1121. The Court will also have supplemental subject matter jurisdiction over Petitioner's state law claims pursuant to 28 *U.S.C.* § 1367.

8.     "TAM" is a protected trademark under the Brazilian Constitution (art. 5 subtitle XXIX) and the Intellectual Property Law (Lei 9.279/96) and the mark is properly registered in the National Intellectual Property Institute of Brazil.

9.     This Court has personal jurisdiction over Respondents[3] due to its active business dealings with residents of New Jersey, which include interactive websites and paid subscriptions and employment of residents of New Jersey.[4]

---

[3] The exercise of jurisdiction in the context of an internet business depends on "the nature and quality of commercial activity that the defendant conducts over the Internet." *Spuglio v. Cabaret Lounge*, 344 Fed. App'x 724, 725 (3d Cir. 2009) (internal quotation and citations omitted). As summarized in this District, the Third Circuit holds that a district court must determine where the website's commercial activity falls on the sliding scale set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Haffen v. Butler Specialties, Inc.*, 2011 WL 831933, *3 (D.N.J. Mar 03, 2011); *see also e.g., LG Electronics USA, Inc. v. Seamless Interactive, LLC*, 2010 WL 3035141, *3 (D.N.J. 2010). Respondent's activities as described herein demonstrate the type of "active" business dealings conducted over the Internet that warrant a finding of jurisdiction (*e.g.*, enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of information). *See id.; see also Happy Chef, Inc. v. Dauben*, 2008 U.S. Dist. LEXIS 65263, 2008 WL 4056190 (D.N.J. Aug. 25, 2008) (a website is sufficiently "interactive" such that it may form a basis for jurisdiction where the site permits or requires "users [to] exchange information with the host computer ...").

Additionally, recently, the District of New Jersey addresses personal jurisdiction in the context of an internet business. In *Ingris v. Drexler*, 2014 U.S. Dist. LEXIS 174568, (D.N.J. Dec. 17,

## THE PARTIES

10.     TAM Airlines is an airline company headquartered at Avenida Jurandir, 856, Jardim Aeroporto, São Paulo, SP, Brazil, 04072-000 and currently the largest Brazilian airline by market share and fleet size.

11.     Upon information and belief, Automattic, Inc. is a Delaware corporation with a principle place of business at 132 Hawthorne St., San Francisco, California 94107, who intentionally uses its website to reach beyond its boundaries to conduct business in foreign jurisdictions including in New Jersey and Brazil. WordPress is owned and operated by Automattic. WordPress (www.wordpress.com) is a blog and website hosting service that offers both free

---

2014) defendant QQeska Televize broadcasted content through its website and the plaintiff argued that the court could exercise personal jurisdiction over it. The Third Circuit held "exercise of personal jurisdiction to be proper where the commercial web site's interactivity reflected specifically intended interaction with residents of the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). Here, Automattic and WordPress.com are not merely broadcasting information but seek interactivity with and among the residents of New Jersey. Automattic and WordPress.com pursue interactivity through its website, eCommerce and paid subscriptions.

[4] Respondents employ New Jersey residents who work from New Jersey, thereby establishing "continuous and systematic" contacts with this forum state. *See International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). By employing New Jersey residents and benefiting from contacts with New Jersey, Respondents could reasonably anticipate being haled in to court in New Jersey. *Rogers v. Kasahara*, 2006 U.S. Dist. LEXIS 74870, 13-14 (D.N.J. Oct. 16, 2006) (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980).

and paid upgrades for domain hosting and extra storage of files and videos, which encourages subscribers to express themselves.[5]

12.     Upon information and belief, WordPress provides its subscribers with the ability to send and receive electronic communications and store data in connection with the services it provides to subscribers. WordPress powers more than 20% of the web[6] and transacts business in, and/or utilizes the Internet to target potential subscribers or otherwise offer services to existing subscribers, including paying subscribers who reside in New Jersey.  WordPress uses its website to offer its products to subscribers, including New Jersey subscribers, and it benefits from the market established by the law of the State of New Jersey, among other of its sales and business activities, including in New Jersey.

13.     For example, upon information and belief, WordPress is an "interactive" site that allows its users to upload files or videos, purchase products and services, and facilitates the exchange of information on its website – it does not merely present static information.  Specifically, the interactivity between WordPress and its subscribers begins when subscribers "Get Started" and create their own website, which requires subscribers to input their username, email

---

[5] *See Terms of Service*, WORDPRESS.COM, (last visited Feb. 3, 2015), http://en.wordpress.com/tos/.  Attached hereto as ***Exhibit C***.

[6] *See About Us*, WORDPRESS.COM, (last visited Feb. 5, 2015), https://wordpress.com/about/. Attached hereto as ***Exhibit D***.

address and password, type of subscription desired and consent to WordPress'
"Terms of Service" agreement. ***Exhibit C.***

14.     Creation of an account is a necessary step in order to use WordPress'
services.  Once registered, subscribers may, among other things: (a) upload their
files or videos onto WordPress and those files or videos are hosted on
Respondents' servers; (b) set up a forum allowing a user access to a user's files,
videos and comments from any PC connected to the Internet; (c) upgrade their
subscription by choosing the subscription plan users want to buy and purchase it;
(d) search among their files, videos and comments posted on the user's forum; (e)
allow subscribers to publish content; and (f) modify their own settings to suit their
specific needs.[7]

15.     Upon information and belief, John and/or Jane Doe(s) are individuals
who reside and/or transact business in, and/or who access the Internet through
servers in and/or who otherwise operate out of, in, or through New Jersey and who
are subscribers of Respondents who transact business in New Jersey.

---

[7] Petitioner asserts that its argument in establishing jurisdiction addresses sufficiently this
Court's jurisdictional requirements, especially in the context of this *Fed. R. Civ. P.* 27 Petition
that merely seeks limited discovery and does not assert claims against Respondents.  In the event
the Court determines that Petitioner has not asserted a sufficient jurisdictional basis for
maintaining this Petition in this District, Petitioner respectfully requests limited discovery to
enable it to support its general jurisdiction claims and expressly reserves the right to assert
specific jurisdiction as per *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001). *See
LG Electronics USA, Inc.*, 2010 WL 3035141, *7 (ordering that limited discovery, related
exclusively to the issue of personal jurisdiction, be conducted).

16.     Upon information and belief, in or about April 2012 Does created an account on WordPress' website and published defamatory information about the allegedly poor working conditions of some of Petitioner's employees and used Petitioner's name and image to publish misleading safety and travel information regarding TAM Airlines on WordPress. Such published statements placed TAM Airlines' employees' and passengers' safety at risk, including by encouraging employees to delay flights and to intentionally mishandle flights. Such published statements represent communications in electronic storage, as set forth in greater detail below, which are maintained by Respondents.

**RESPONDENTS' SERVICES AND PRESENCE IN NEW JERSEY**

17.     Upon information and belief, WordPress promotes itself as the most popular online publishing platform, currently powering more than 20% of the web. "Overall, the WordPress.com network welcomes more than 409 million people viewing more than 15.5 billion pages each month." [8]

18.     Upon information and belief, WordPress offers its services globally, including in New Jersey and São Paulo, Brazil.  WordPress recognizes its

---

[8] *See About Us*, WORDPRESS.COM, (last visited Feb. 5, 2015), https://wordpress.com/about/. Attached hereto as ***Exhibit D***.

"geographic variance"[9] and has its employees all over the world such as in "California, Texas, New York, Canada, Ireland, Scotland, Japan, Iceland, Bulgaria, Australia, and more."[10] WordPress declares its global presence through the location of its employees on a world map and a short bio of each employee.

19.     For example, Automattic has employees in Brazil and in New Jersey. Marco Aurélio is a "Code Wrangler" based in Belo Horizonte, Minas Gerais state, in the southeast of Brazil and Kristen Battle, a "Happiness Engineer" lives in New Jersey. *See* http://automattic.com/about



---

[9] *See Work with Us*, AUTOMATTIC, (last visited Feb. 6, 2015), http://automattic.com/work-with-us/.  Attached hereto as ***Exhibit E***.

[10] *Id.*



20.    For example, upon information and belief, in April 2012, Jane/John Doe were collaborating with each other through the use of WordPress servers in and/or who otherwise operate out of, in, or through New Jersey and who are subscribers of Respondents who transact business in New Jersey.[11]

21.    WordPress confirmed its global presence and its commitment to properly translate its website to 105 languages by interacting with users around the

---

[11] Letter from Opice Blum, Brazilian counsel for TAM Airlines, to Automattic, Inc. in connection with Brazilian Lawsuit, attached hereto *Exhibit I, infra.*

world.[12]  In fact, On May 6, 2014, WordPress launched a "new tool, In-Page translation, to allow [its global subscribers] to participate more easily in the translation process . . . ."[13]  WordPress has engaged the world community to aid in translations and approximately, 90% of the language has been translated from English to Portuguese, French and Japanese.[14]

22.     WordPress offers subscribers a number of different account options:[15]

a.     Basic   Account:   WordPress'   basic   account   offering   to subscribers is free to use for anyone who subscribes to WordPress, which subscription gives subscribers access to create their own blog with a WordPress.com address, basic customization, storage and ads may appear on the site.

b.     Premium and Business Accounts: WordPress offers subscribers the following two paid account options: (i) WordPress Premium billed at $99 annually; and (ii) WordPress Business billed at $299 a year, billed automatically.

---

[12] *See Help Us Translate WordPress.com,* WORDPRESS.COM, (last visited Feb. 5, 2015), http://en.blog.wordpress.com/2014/05/06/translate-wordpresscom/.  Attached hereto as ***Exhibit F***.

[13] *Id.*

[14] *See GlotPress*, WORDPRESS.COM, (last visited Feb. 5, 2015), https://translate.wordpress.com/projects/wpcom.  Attached hereto as ***Exhibit G***.

[15] *See WordPress.com Store*, WORDPRESS.COM, (last visited Feb. 6, 2015), https://store.wordpress.com/plans/.  Attached hereto as ***Exhibit H***.

Both paid accounts come with all of the core features of the WordPress basic account. The added benefits of a paid subscription include the fact that WordPress gives subscribers the capacity to create a custom domain and launch an eCommerce business.

## PETITIONER'S NOTICE OF CLAIM TO RESPONDENTS AND THEIR TERMS OF SERVICE

23.     On or about April 2012, Petitioner became aware of Does' website publishing unlawfully defamatory and misleading information and using Petitioner's name, trademark and image to advance misleading safety and travel information regarding the Petitioner, including by placing passengers' safety at risk by encouraging employees to delay flights and to intentionally mishandle flights.

24.     On or about April 2012, Petitioner became aware that the Doe(s) posted information risking passengers' safety on http://aviadoranonimo.wordpress.com and continues to post defamatory and misleading information on https://aviadoranonimotam.wordpress.com/.

25.     For example, the John/Jane Doe(s) published the following threatening language such as "Chaos is near!!!" The post continues to state that Doe(s) will create chaos during the holiday and create waiting lines at the counter.

> **No More Mr Nice Guy** 25 de abril de 2012 às 11:57 AM 
> O CAOS se aproxima!!!!!!
>
> Não estou falando de MAIO.
>
> Sexta e sabado próximo, vespera de feriado, teremos o CAOS nos balcões de lista de espera.

26. In a similar post, the Doe(s) encouraged Petitioner's employees and other individuals to contact Doe(s)in order to manipulate TAM Airlines' airplane fleet's fuel consumption without risking exposure to themselves or their efforts:

> Bem, vamos ao que interessa. Queremos um novo SOP. Queremos ter noção de quanta gente participaria, se há vontade de uma boa parte do grupo de tentar mudar, de pressionar, ainda que anonimamente. Vocês sabem que há maneiras e maneiras de mostrar um aumento no consumo de combustível sem se expor. Podemos listar muitas delas aqui, no momento oportuno.

*See* https://aviadoranonimotam.wordpress.com/page/2/

27. Doe(s) similarly and without any hesitation have published similar statements on Doe(s)' other websites including this one with a similar name – http://aviadoranonimotam.wordpress.com. Specifically, Doe(s) have published:[16]

---

[16] TRANSLATED: [TAM Airlines] wanted to intimidate us and will spend a lot of money paying expensive lawyers, as is already paying in order to achieve your goal. Let's assume, just for argument they get what they want. Congratulations, in terms, because it will not cost us open another blog, with the same purpose of exposing problems and claims and this new blog will certainly most successful yet, with the help, encouragement and advertising that will result from unwise procedure adopted by the company. https://aviadoranonimotam.wordpress.com/page/7/

A empresa quis nos intimidar e vai gastar bastante dinheiro pagando a advogados caros, como já está pagando, no propósito de conseguir o seu objetivo. Vamos supor, apenas para argumentar, que consigam o que desejam. Parabéns, em termos, pois não nos custará abrir um outro blog, com a mesma finalidade de expor problemas e reivindicações e esse novo blog certamente fará maior sucesso ainda, com a ajuda, o incentivo e a propaganda que vai resultar do procedimento pouco inteligente adotado pela empresa.

28.    Other examples of Doe(s)' statements that place TAM Airlines' employees and passengers at risk include false statements about TAM Airlines' food safety. *See* https://aviadoranonimotam.wordpress.com/page/10/ (relevant section Translated: "Today we invite you to an important comparison. We will show pictures comparing [TAM Airlines] meal to the prisoners. Ridiculous, right? Well, you will see that not.")



29.     Doe(s) first WordPress website publishing misleading and defamatory information (http://aviadoranonimo.wordpress.com) was removed in response to a Brazilian court granting Petitioner's injunctive relief.  After the Brazilian court granted Petitioner's relief to remove the website, Doe(s) created another WordPress website with the same content on the website: https://aviadoranonimotam.wordpress.com.  Additionally, upon and information and belief, Doe(s) may have created several websites and may continue to create other websites that produce fear and/or threaten or otherwise compromise employee and/or passenger safety. Although it appears currently that aviadoranonimo.wordpress.com is inaccessible to the public, it is likely that Doe(s) who created the website continue to post defamatory and misleading information via Automattic and WordPress.com and will continue to do so unless Petitioner can properly pursue its claims against the Doe(s) hosted over the aforementioned domains and web platforms by identifying the Doe(s) who operate the domain aviadoranonimotam.wordpress.com.

30.     On or about April 2012, Petitioner sent a letter to Automattic to report the website aviadoranonimo.wordpress.com.  ***Exhibit I.***

31.     On or about April 2012, Petitioner notified Automattic to preserve the data requested so as to obtain the necessary court order. ***Exhibit I.***

32.    On or about October 2012, via telephone conversations, Petitioner through its attorneys in Brazil attempted to expedite the process of enforcing its court order.

33.    On or about May 2013, in response to Petitioners efforts, Automattic and WordPress retained Brazilian attorneys and contacted Petitioner by telephone to discuss the Does' illicit websites.

34.    Due to the lack of response, on or about August 2013, Petitioner inquired by telephone about an agreement Petitioner sent to Respondents to address the issue.

35.    Again on or about September 16 and September 30, 2013, Petitioner sought a response from Respondents regarding the agreement by telephone.

36.    Importantly, the issue of preservation of the data necessary to identify the Doe(s) remains a concern, because, after Petitioner obtains the data from Respondents (*e.g.,* IP addresses, etc.), Petitioner will need to propose a new measure against the Internet connection provider companies and, as these providers have not been identified yet, no one can assure that the connection's data of the downloads of the published statements will be preserved.

37.    Moreover, it is unclear how the information will be preserved and what, if any, measures Respondents will take to guarantee the preservation. The information Petitioner seeks about Doe(s) is highly valuable in that it is the only

way to identify the unknown Respondents user(s) who published defamatory, false

and misleading information and used Petitioner's name, trademark and image to

create fear and incite violence and risk passengers' safety and travel regarding

TAM Airlines' operations, including encouraging employees to delay flights and to

intentionally mishandle flights. As it stands, Doe(s), upon information and belief,

continue to have unfettered access to the website to continually publish false and

misleading information. No known substitute source of the information which

Respondents may provide has been identified.

## AUTOMATTIC PRIVACY & TERMS OF SERVICE POLICIES

38.     Respondents pride itself on the promises it makes to subscribers.

Specifically, Automattic's website states:

> **Your privacy is critically important to us. At Automattic we have a few fundamental principles:**
>
> - We don't ask you for personal information unless we truly need it. (We can't stand services that ask you for things like your gender or income level for no apparent reason.)
> - We don't share your personal information with anyone except to comply with the law, develop our products, or protect our rights.
> - We don't store personal information on our servers unless required for the on-going operation of one of our services.
> - In our blogging products, we aim to make it as simple as possible for you to control what's visible to the public, seen by search engines, kept private, and permanently deleted.[17]

39.     Moreover, Automattic's user Privacy Policy (***Exhibit B***) in relevant

part promises subscribers:

---

[17] *See Privacy Policy*, AUTOMATTIC, (last visited Feb. 3, 2015), http://automattic.com/privacy/. Attached hereto as ***Exhibit B***.

**Protection of Certain Personally-Identifying Information**

Automattic discloses potentially personally-identifying and personally-identifying information only to those of its employees, contractors and affiliated organizations that (i) need to know that information in order to process it on Automattic's behalf or to provide services available at Automattic's websites, and (ii) that have agreed not to disclose it to others. Some of those employees, contractors and affiliated organizations may be located outside of your home country; by using Automattic's websites, you consent to the transfer of such information to them. Automattic will not rent or sell potentially personally-identifying and personally-identifying information to anyone.

* * *

**Website Visitors**

Automattic also collects potentially personally-identifying information like <u>Internet Protocol (IP) addresses for logged in users and for users leaving comments on WordPress.com blogs. Automattic only discloses logged in user and commenter IP addresses under the same circumstances that it uses and discloses personally-identifying information as described below, except that blog commenter IP addresses and email addresses are visible and disclosed to the administrators of the blog where the comment was left.</u>

* * *

**Protection of Certain Personally-Identifying Information**

Other than to its employees, contractors and affiliated organizations, as described above, <u>Automattic discloses potentially personally-identifying and personally-identifying information only in response to a subpoena, court order or other governmental request, or when Automattic believes in good faith that disclosure is reasonably necessary to protect the property or rights of Automattic, third parties or the public at large.</u>

(Emphasis added).

40.     Similarly, WordPress' user Terms of Service (***Exhibit C***) in relevant

part provides:

**Terms of Service:**

By accessing or using any part of the web site, you agree to become bound by the terms and conditions of this agreement. If you do not agree to all the terms and conditions of this agreement, then you may not access the Website or use any services. If these terms and conditions are considered an offer by Automattic, acceptance is expressly limited to these terms.

\* \* \*

**1. Your WordPress.com Account and Site.**

If you create a blog on the Website, you are responsible for maintaining the security of your account and blog, and you are fully responsible for all activities that occur under the account and any other actions taken in connection with the blog. You must not describe or assign keywords to your blog in a misleading or unlawful manner, including in a manner intended to trade on the name or reputation of others, and Automattic may change or remove any description or keyword that it considers inappropriate or unlawful, or otherwise likely to cause Automattic liability. You must immediately notify Automattic of any unauthorized uses of your blog, your account or any other breaches of security. Automattic will not be liable for any acts or omissions by You, including any damages of any kind incurred as a result of such acts or omissions.

**2. Responsibility of Contributors.**

If you operate a blog, comment on a blog, post material to the Website, post links on the Website, or otherwise make (or allow any third party to make) material available by means of the Website (any such material, "Content"), You are entirely responsible for the content of, and any harm resulting from, that Content. That is the case regardless of what form the Content takes, which includes, but is not limited to text, photo, video, audio, or code. By making Content available, you represent and warrant that your content does not violate these terms or the User Guidelines.

\* \* \*

**16. Termination.**

Automattic may terminate your access to all or any part of the Website at any time, with or without cause, with or without notice, effective immediately. If you wish to terminate this Agreement or your WordPress.com account (if you have one), you may simply discontinue using the Website. All provisions of this Agreement which by their nature should survive termination shall survive termination, including, without limitation, ownership

provisions, warranty disclaimers, indemnity and limitations of liability.

* * *

**19. General Representation and Warranty.** You represent and warrant that (i) <u>your use of the Website will be in strict accordance with the Automattic Privacy Policy, with this Agreement and with all applicable laws and regulations (including without limitation any local laws or regulations in your country, state, city, or other governmental area, regarding online conduct and acceptable content, and including all applicable laws regarding the transmission of technical data exported from the United States or the country in which you reside</u>) and (ii) <u>your use of the Website will not infringe or misappropriate the intellectual property rights of any third party</u>.

Emphasis added.

41.   Moreover, WordPress' Terms of Service (***Exhibit C***) as pertaining to intellectual property in relevant part provides:

**9. Intellectual Property.** This Agreement does not transfer from Automattic to you any Automattic or third party intellectual property, and all right, title and interest in and to such property will remain (as between the parties) solely with Automattic. Automattic, WordPress, WordPress.com, the WordPress.com logo, and all other trademarks, service marks, graphics and logos used in connection with WordPress.com, or the Website are trademarks or registered trademarks of Automattic or Automattic's licensors. Other trademarks, service marks, graphics and logos used in connection with the Website may be the trademarks of other third parties. Your use of the Website grants you no right or license to reproduce or otherwise use any Automattic or third-party trademarks.

42.   The identities of the Doe(s), who would be the intended defendants of a civil action brought by Petitioner on the grounds that they are inciting violence and threatening consumer safety by using Petitioner's name and image to advance misleading safety and travel information regarding the Petitioner, are presently

unknown to Petitioner; and the purpose of this proceeding is simply to learn the John Does' identities. JOHN DOES NOS. 1-10 therefore refer to the intended defendants of a future civil action. Since the John Does' identities are currently unknown, their names and addresses cannot be provided at this time, nor can service of this Petition be effected upon them.

## GROUNDS FOR RULE 27 PETITION

43. Petitioner has expended substantial resources and suffered a business interruption in investigating and addressing the misleading and threatening information placing its employees and passengers at risk due to published information threatening consumer safety with defamatory, false and misleading information. Employees are being encouraged to place passengers' safety at risk by intentionally delaying and mishandling flights all over the world via WordPress.com, as described above. Moreover, Petitioner may/will suffer reputational harm and regulatory penalties in relation to its clients and third-parties as a result of John Does' conduct.

44. Importantly, there should be little, if any, concern on the part of Respondents over it providing Petitioner with John Does' identifying information (*e.g.*, name(s), address(es), contact information, email address(es), IP addresses, and/or any other identifying characteristics) because WordPress' "Terms of Service" expressly prohibits its users from engaging in the very unlawful activity

involved here, and it warns its users that _any_ violation of its Terms of Service or any law will subject the user to a variety of consequences, including deactivating users' accounts and reporting of violations to authorities.

45.     Upon information and belief, John Does have intentionally published defamatory and false information, and used Petitioner's name and image to advance misleading safety and travel information regarding the Petitioner, including by placing passengers' safety at risk by encouraging employees to delay flights and to intentionally mishandle flights; and, as a result, caused damages and loss in violation of various federal and state statutes.  Such losses include, without limitation, the cost of the business interruption to Petitioner, and the expenditure of employee time and resources in connection with the investigation and remediation of this unlawfully defamatory and false information scenario.

46.     Petitioner is aggrieved by Does' conduct and believes that it may be entitled to maintain a civil action against John Does to obtain compensatory damages, injunctive relief, and/or other equitable relief, and various other state and federal statutes, or under common-law theories, such as defamation, the unauthorized use of intellectual property, breach of fiduciary duty and loyalty, if Doe is an employee, tortious interference with contractual relations, business information misrepresented, commercial disparagement,  and any and all other

relevant claims which may be applicable to the facts of this case once further information becomes known.

47.     Through the testimony and/or documentary evidence expected to be provided by Automattic in response to a subpoena, Petitioner seeks to establish the identity of the person or people who posted information inciting violence against the Petitioner by threatening consumer safety on or about April 2012.

48.     Due to the possibility that Respondents will not preserve and/or will erase logs showing highly relevant data in regards to the identities of the John Does, there is a substantial risk that, if testimony by Respondents is not perpetuated, Petitioner will never be able to discover who has published and upon information and belief will continue to publish websites inciting violent behavior, publish defamatory and false information and use Petitioner's name and image to advance misleading safety and travel information regarding the Petitioner, thereby foreclosing Petitioner's ability to seek damages and injunctive relief as provided under the foregoing statutes and common-law theories.

49.     In its Privacy Policy, Automattic and WordPress are clear that they do not retain any personal information: "We don't store personal information on our servers unless required for the on-going operation of one of our services." ***Exhibit B***. It is imminent that Petitioner perpetuate the testimony of Automattic and WordPress because at any given moment, Doe(s) may terminate their service.

50.     Moreover, it is of utmost importance to Petitioner to identify the John

Does who, based on the conduct described above, attempted to delay flights and

mishandle passenger take-offs without any regard to consumer safety.  Given

Petitioner's business relating to safety and regulatory compliance, John Does'

conduct poses substantial risk of financial and irreparable reputational harm to

Petitioner and its clients.  Absent the identification of the John Does, Petitioner

will be prevented from seeking the compensatory, injunctive and/or equitable relief

necessary to mitigate such risks.  Petitioner will suffer irreparable harm and a

substantial denial of justice while the John Does will escape liability.

51.     No prior application to any court has been made for the relief sought

herein.

**WHEREFORE**, Petitioner requests that the Court set this Petition for

hearing and, after the hearing, cause an Order be made and entered directing that

Petitioner may take discovery of Respondents to the extent necessary to compel

production of information regarding the identity (including without limitation the

name(s), address(es), contact information, email address(es), IP address(es) and/or

any other identifying characteristics) of the person(s) who created, copied,

modified, disseminated, downloaded, shared, and/or otherwise managed the

websites supported by the domain names aviadoranonimo.wordpress.com and

aviadoranonimotam.wordpress.com (including without limitation date and time

(Greenwich Mean Time (GMT)) of online access, content accessed, copied, disseminated, downloaded, or otherwise obtained, and/or any other information that identifies what was obtained from Automattic by its user(s)) from www.wordpress.com from on or about May 2012 to the present, or any such relief as the Court may deem appropriate, including taking limited discovery.

## GROUNDS FOR ASSISTANCE TO FOREIGN AND INTERNATIONAL TRIBUNALS AND TO LITIGANTS BEFORE SUCH TRIBUNALS, 28 *U.S.C.* 1782

52.     Petitioner hereby incorporates by reference the aforementioned paragraphs as if set forth fully herein.

53.     On or about May 8, 2012, Petitioner's Brazilian lawsuit sought injunctive relief to remove the website http://aviadoranonimo.wordpress.com, captioned as *TAM – Linhas Aéreas S/A. v. Automattic Inc.*, 5th Civil Section of the Regional Court of Jabaquara, at the State of São Paulo, Brazil, docket number: 0011352-29-2012.8.26.0003. ***Exhibit A.***

54.     On or about May 10, 2012, the Brazilian court granted Petitioner's relief compelling Automattic to remove the offending content, http://aviadoranonimo.wordpress.com, from its website.

55.     On or about June 27, 2012, Petitioner sent a rogatory letter to Automattic and WordPress through appropriate legal and diplomatic channels. ***Exhibit J.***

56.     Petitioner then confirmed that Automattic and WordPress received the extrajudicial document with the preliminary injunction on or about August 6, 2012.

57.     Upon information and belief, Jane/John Does created a new blog: https://aviadoranonimotam.wordpress.com.

58.     On or about August 17, 2012, Petitioner filed a petition requesting further relief to expand the scope of the first preliminary injunction to the new website, which upon information and belief, was created by Jane/John Does to further publish misleading and defamatory information regarding Petitioner.

59.     The Brazilian court then granted Petitioner's request to enjoin publication of the second website on or about August 20, 2012 against Automattic and WordPress.com.

60.     On or about October 16, 2012, Petitioner then sent the second rogatory letter to Automattic and WordPress.

61.     Due to its lack of response, Petitioner requested that Automattic be found in default and on or about April 18, 2013, Automattic was in default.

62.     On or about May 2013, in response to Petitioners efforts, Automattic and WordPress retained Brazilian attorneys and contacted Petitioner by telephone to discuss the Does' illicit websites.

63.     Due to the lack of response, on or about August 2013, Petitioner

inquired by telephone about an agreement Petitioner sent to Respondents to

address the issue.

64.     Again on or about September 16 and September 30, 2013, Petitioner

sought a response from Respondents regarding the agreement by telephone.

65.     Without any other recourse, Petitioners bring this application pursuant

to 28 *U.S.C. 1782*.[18]

---

[18]    28 *U.S.C. 1782* allows federal court's to assist in gathering information for use in a foreign
tribunal.  *See Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004).  Pursuant to 28
*U.S.C.* 1782, a district court is authorized to grant a petition where:

> (1) the person or entity from whom discovery is sought resides or is found in the
> district of the court to which the application is made; (2) the discovery is for use
> in a proceeding before a foreign tribunal; and (3) the application is made by a
> foreign or international tribunal or any interested person. *In re Comm'r re Request
> for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. §
> 1782 Yamaha Motors Espana*, 2011 U.S. Dist. LEXIS 75471, at *8 (N.D. Cal.
> July 13, 2011) (hereinafter "*Yamaha*") (granting application seeking issuance of
> subpoenas to Wordpress.com and Automattic to identify individuals who authored
> anonymous blog). The information sought need not be discoverable under the law
> governing the foreign proceeding, and "[t]he Supreme Court has also held that a §
> 1782(a) applicant is not required to show that United States law would permit
> 'discovery in domestic litigation analogous to the foreign proceeding.'" *In re
> Gianasso*, 2012 U.S. Dist. LEXIS 25763, at *3 (N.D. Cal. Feb. 28, 2012) (quoting
> *Intel*, 542 U.S. at 263).

*In re Ex Parte Application of Jommi*, 2013 WL 6058201 (N.D. Cal. Nov. 15, 2013).

> In exercising its discretion, a court considers: (1) whether the person from whom
> discovery is sought is a participant in a foreign proceeding, as "nonparticipants in
> the foreign proceeding may be outside the foreign tribunal's jurisdictional reach"
> and "their evidence, available in the United States, may be unobtainable absent §
> 1782(a) aid;" (2) "the nature of the foreign tribunal, the character of the
> proceedings underway abroad, and the receptivity of the foreign government or
> the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether
> the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering

66.     This Court may exercise jurisdiction over Automattic and WordPress.com to provide the needed testimony because Respondents benefit from the forum state, New Jersey, by interacting with New Jersey residents through the acquisition of subscriptions and employing New Jersey residents.

67.     Petitioner seeks namely, the identity (including the name, address(es), contact information, email address(es), IP address(es) and/or any other identifying characteristics) of the Automattic and WordPress user(s)/subscriber(s) (*i.e.*, Does) to use in a proceeding in Brazil.

68.     In accordance with 28 *U.S.C.* 1782, Petitioner is an interested party in Brazilian lawsuit because it is the target of defamatory, misleading and false information published on a website hosted by Respondents.

69.     Without Respondent's testimony, Petitioner is left with no recourse because under the Brazilian law, Petitioner cannot properly proceed with its claims against Respondents as Jane/John Doe pursuant to Brazilian Federal Civil Procedure Code, Section 282, Subsection II.

70.     Although Automattic is a named party in the Brazilian lawsuit, Automattic has been nonresponsive and thereby forecloses Petitioner's ability to

---

restrictions or other policies of a foreign country or the United States;" and (4) whether the request is unduly intrusive or burdensome. *Intel,* 542 U.S. at 264–65.

*Id.*

properly pursue its claims.  Upon information and belief, Automattic would likely not produce any identifying information to Petitioner without a United States court order due its internal policy on these types of requests.[19]  Specifically, on its "Complaints"[20] page, WordPress.com states: "**Court orders:** Cases of defamation and impersonation require a court order before we can take action. Official, signed court orders can be emailed to court-orders@wordpress.com." *Exhibit K*.

71.    Petitioner's request is not unduly intrusive or burdensome because this information is highly relevant to Petitioner's claim.

**WHEREFORE**, Petitioner requests that the Court set this Petition for hearing and, after the hearing, cause an Order be made and entered directing that Petitioner may take discovery of Respondents to the extent necessary to compel production of information regarding the identity (including without limitation the name(s), address(es), contact information, email address(es), IP address(es) and/or any other identifying characteristics) of the person(s) who created, copied, modified, disseminated, downloaded, shared, and/or otherwise managed the websites supported by the domain names aviadoranonimo.wordpress.com and aviadoranonimotam.wordpress.com (including without limitation date and time

---

[19] *See In re Application for Appointment of a Comm'r re Req't for Judicial Assistance for Issuance of Subpoena Pursuant to 28 U.S.C. 1782 Yamaha Motor España, S.A.*

[20] *See Complaints*, WORDPRESS.COM, (last visited Mar. 6, 2015), https://en.wordpress.com/complaints/.  Attached hereto as *Exhibit K*.

(Greenwich Mean Time (GMT)) of online access, content accessed, copied,

disseminated, downloaded, or otherwise obtained, and/or any other information

that identifies what was obtained from Automattic by its user(s)) from

www.wordpress.com from on or about May 2012 to the present, or any such relief

as the Court may deem appropriate, including taking limited discovery.

> SCARINCI HOLLENBECK, LLC
> Attorneys for Petitioner
> 1100 Valley Brook Avenue
> P.O. BOX 790
> Lyndhurst, New Jersey 07071-0790
> Telephone:  (201) 896-4100
>
> By: */s/Fernando M. Pinguelo*
>       Fernando M. Pinguelo, Esq.
>       A Member of the Firm

Dated: March 25, 2015

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as otherwise stated herein.

SCARINCI HOLLENBECK, LLC
Attorneys for Petitioner
1100 Valley Brook Avenue
P.O. BOX 790
Lyndhurst, New Jersey 07071-0790
Telephone:  (201) 896-4100

By: */s/Fernando M. Pinguelo*
       Fernando M. Pinguelo, Esq.
       A Member of the Firm

Dated: March 25, 2015

**VERIFICATION**

GUILHERME RIBEIRO LEITE, on behalf of Petitioner, under penalty of perjury under the laws of the United States of America, declare the following:

1.      I am the LEGAL MANAGER of Petitioner, and as such I am authorized on its behalf to execute this Verification.

2.      I have investigated the circumstances giving rise to this Petition and have knowledge of the facts contained in this Petition, unless otherwise designated as being "upon information and belief."

3.      True and genuine copies of documents are attached to this Petition.

4.      I verify under penalty of perjury under the laws of the United States that the factual contents of the Petition that are known to me are true and correct to the best of my knowledge and understanding.

Dated: March 25th, 2015

TAM – LINHAS AÉREAS S.A.

By: _____

Printed Name: Guilherme Ribeiro Leite
Title: Legal Manager

4833-4346-1911, v. 1